IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CT-3148-BO

| | | |
|---|---|---|
| CHARLES ROBERT BAREFOOT, JR., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| R. PETTIT, et al., | ) | |
| Defendants. | ) | |

Charles Robert Barefoot ("plaintiff") appears to have filed this action pursuant to the Federal Tort Claims Act ("FTCA"). Now before the court are five motions filed by Barefoot (D.E. # 14, 15, 20, 21, and 24) and one motion filed by the government (D.E. # 17).

The court first reviews the motions for discovery (D.E. # 14 and # 20). The court does not intervene in the initial requests for the production of documents, affidavits, and other discovery material. Plaintiff must request the documents and admissions from the appropriate parties as required and outlined in the Federal Rules of Civil Procedure and Local Rules. Therefore, the motions seeking discovery (D.E. # 14 and # 20) are DENIED.

Plaintiff also filed a motion entitled "Plaintiff's Motion to Move this Court to Direct the Clerk to Clarify the Proper Address(es) Whom the United States is and Place of Being." (D.E. # 15) The United States has been properly served and the motion is DENIED as MOOT and UNNECESSARY.

Plaintiff has filed a motion for a temporary restraining order (D.E. # 21). A court may grant a TRO without notice to the adverse party if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the

movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). When considering a request for injunctive relief, a court must consider: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 (4th Cir. 2002) (quotation omitted); see N.C. State Ports Auth. v. Dart Containerline Co., 592 F.2d 749, 750 (4th Cir. 1979); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193–95 (4th Cir. 1977).

A TRO and preliminary injunction are "warranted only in the most extraordinary circumstances." Taylor v. Freeman, 34 F.3d 266, 270 n.2 (4th Cir. 1994). Plaintiff has failed to meet his burden of proof. Therefore, plaintiff's motions for a TRO and a preliminary injunction (D.E. # 21) is denied.

Plaintiff has also filed papers which state they are "subpoens [sic] in criminal case." They appear to seek dental records to be provided by R. Pettit and Nurse Derry whom Barefoot references as defendants. All defendants with the exception of the United States have been dismissed from the matter. Furthermore, as noted above the court does not involve itself in initial requests for discovery matters. Lastly, it is likely the government will provide the records within their dispositive motions. Therefore, the motion to issue subpoenas (# 24) is DENIED as premature.

Lastly, the court shall review the government's request for the court to revoke plaintiff's in forma pauperis ("ifp") status pursuant to 28 U.S.C. § 1915(g) (D.E. # 22). The Prisoner Litigation Reform Act (hereinafter "PLRA") allows the court to dismiss a prisoner's action "if

2

the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This subsection is known as the "three strikes" provision of the PLRA. See Altizer v. Deeds, 191 F.3d 540, 544-45 (4th Cir. 1999). Defendant submits petitioner qualifies as a three striker under this provision. Defendant specifically argues "[t]here is . . . no substantiated evidence . . . he [Barefoot] in imminent danger of serious physical injury." (Mem. In Supp. of Mot. to Revoke In Forma Pauperis Status, p.3, Footnote 3) The Fourth Circuit has held an inmate must make "specific fact allegations of ongoing physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical harm." Johnson v. Warner, 200 Fed. App'x *1, quoting Martin v. Shelton, 319 F.3d 1048, 1059 (8th Cir. 2003).

While Barefoot has filed multiple cases and at least 3 have been previously dismissed as frivolous; in this case, he alleges a claim of imminent danger. He asserts he has been continually denied dental care and suffers from periodontal disease and now has permanent structural bone damage. At this stage in the litigation, the court finds Barefoot has made a colorable showing of imminent danger. The motion is DENIED.

For the aforementioned reasons, all five motions filed by Barefoot (D.E. # 14, 15, 20, 21, and 24) and the one motion filed by the government (D.E. # 17) are DENIED. Barefoot is warned that his continual and needless filings are a burden on the court. This continual pattern of

voluminous and repetitious activity may rise to the level of sanctionable behavior under the Federal Rules of Civil Procedure.

SO ORDERED, this the ___8___ day of June 2010.

                                              TERRENCE W. BOYLE
                                              UNITED STATES DISTRICT JUDGE